UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CINCINNATI INSURANCE COMPANY,

      Plaintiff,      Case No. 1:22-cv-12964

v.              Honorable Thomas L. Ludington
                United States District Judge
OMEGA ELECTRIC & SIGN CO., INC.,
MARLEY ENGINEERED PRODUCTS, LLC,
and CHROMALOX, INC.,

      Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

This case concerns a so-called "snap removal." A snap removal is when a nondiverse defendant in a state-court case files a notice of removal to federal court before the plaintiff has properly served process on any in-state defendants. Through snap removals, numerous defendants have jiggered jurisdiction.

But cases may not be removed unless at least one defendant has been properly joined and served. Here, none have been, which warrants remand. Similarly, the rule of unanimity requires all properly joined and served defendants to consent to the removal. Here, there are no such defendants, which also warrants remand. And the forum-defendant rule requires remand if an in-state defendant attempts to remove the case. Here, the plaintiff could still perfect service of process on an in-state defendant, which would also warrant remand. So the case will be remanded.

**I.**

In early 2020, Devere Industrial hired Defendant Omega Electric & Sign Company for electrical work that included delivery, installation, and repair of an electric heater that was manufactured and sold by Defendants Marley Engineered Products and Chromalox, Inc. ECF No.

1-1 at PageID.17. On February 10, 2020, a fire occurred at Devere Industrial's property, for which Plaintiff Cincinnati Insurance paid $352,099.93 to Devere as a covered loss under their insurance agreement. *Id.* at PageID.18.

On November 21, 2022, Plaintiff sued Defendants in the Alpena County Circuit Court alleging the water heater caused the fire. *Cincinnati Ins. v. Marley Eng'rd Prods.*, No. 2022-1877-NP (Mich. 26th Cir. Ct. Alpena Cnty. Nov. 21, 2022).[1] On November 23, 2022, Defendant Chromalox learned of Plaintiff's state case "by a litigation alert service and retrieved a copy of the Summons and Complaint on its own accord." ECF No. 1 at PageID.4.

On December 7, 2022, Defendant Chromalox removed Plaintiff's state case to this Court. *Id.* at PageID.7. At that time, Plaintiff had yet to serve process on any of the three Defendants. *Id.* at PageID.4–5. Plaintiff attempted to serve process on Defendants via certified mail on December 12–13, 2022. ECF No. 3-1 at PageID.60–65.

On January 3, 2022, Plaintiff timely filed a motion to remand the case to the state court. ECF No. 3, to which Chromalox has responded, ECF No. 9.

Plaintiff's Complaint pleads nine state-law claims. *See* ECF No. 1-1 at PageID.19–34. Thus, Defendant's Notice of Removal solely relies on diversity jurisdiction. *See* ECF No. 1 at PageID.1, 3–4 (citing 28 U.S.C. §§ 1332, 1441, 1446). Thus, this case must be remanded if this Court lacks diversity jurisdiction.

---

[1] Insured Devere Industrial sued the same defendants in the same court a week later. *Devere Indus. v. Chromalox Inc.*, No. 2022-1888-NP (Mich. 26th Cir. Ct. Alpena Cnty. Nov. 29, 2022). That case is still pending and was not removed.

## II.

### A.

A defendant may remove a state civil case to a federal district court if the district court would have original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction includes diversity jurisdiction, which includes cases where all the plaintiffs are citizens of different states than all the defendants and the amount in controversy exceeds $75,000. 28 U.SC. § 1332(a)(1). As a procedural matter, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

In order to be removed based on only diversity jurisdiction, the case must be "removable." 28 U.S.C. § 1441(b). The removing defendant bears the burden to prove that the case is "removable." *Williamson v. Aetna Life Ins.*, 481 F.3d 369, 375 (6th Cir. 2007) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)); *accord Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)).

Yet, as every district court in the Sixth Circuit presented with the question has reasoned, even if a case is "removable" on diversity grounds, it may not be removed unless "any of the parties in interest [was] properly joined and served as [a] defendant[]." 28 U.S.C. § 1441(b)(2); *accord Murphy v. Inman*, No. 17-13293, 2018 WL 8809349, at *12–13 (E.D. Mich. Feb. 21, 2018) ("Removal is therefore improper before any defendant has been served.") (collecting cases); *Coburn v. Hixson Weight Loss Ctr. & Shot Spot, M.D., Inc.*, No. 1:21-CV-244, 2022 WL 164541, at *4 (E.D. Tenn. Jan. 18, 2022) ("[B]efore service of any defendant, removal is not appropriate."); *Allied P&C Ins. v. Dowler*, No. 1:21-CV-00119, 2021 WL 4226227, at *4 (S.D. Ohio July 27, 2021) (holding that § 1441(b)(2) requires that "a party in interest had been served prior to removal."); *Little v. Wyndham Worldwide Oper'ns, Inc.*, 251 F. Supp. 3d 1215, 1221 (M.D. Tenn.

2017) ("[P]re-service or snap removal is improper."); *Arrington v. Medtronic, Inc.*, 130 F. Supp. 3d 1150, 1157–58 (W.D. Tenn. 2014) (holding that "pre-service removal" is "gamesmanship the courts have addressed and have found to be improper") (collecting cases); *Beavers v. Medtronic, Inc.*, 41 F. Supp. 3d 633, 637–40 (W.D. Ky. 2014) ("[J]ack rabbit removal . . . . violat[es] the intent and purpose of the forum defendant rule."); *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, No. 2:11-MD-2226, 2012 WL 2919219, at *3 (E.D. Ky. July 17, 2012) ("[A]n in-state defendant cannot avoid the statutory prohibition against removal by removing the case before service."); *NFC Acquisition, LLC v. Comerica Bank*, 640 F. Supp. 2d 964, 969 (N.D. Ohio 2009) ("[T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant." (quoting *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939))); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("[A] named defendant's time to remove is triggered by . . . any formal service.").

And, under the so-called forum-defendant rule, cases removed based on only diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *accord Doe v. Doe*, No. 16-CV-13428, 2016 WL 9403994, at *2 (E.D. Mich. Nov. 22, 2016) ("[A] citizen of the forum state not joined by an out-of-state defendant, is precluded from invoking removal jurisdiction."); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 81 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and *no defendant is a citizen of the forum State*." (emphasis added)); *NFC Acquisition, LLC v. Comerica Bank*, 640 F. Supp. 2d 964, 969 (N.D. Ohio 2009) ("Nothing in the text of § 1441(b), however, makes the forum defendant rule dependent on which defendant filed for removal.").

**B.**

This case is removable because there is complete diversity of citizenship among the Parties and the amount in controversy exceeds $75,000. See ECF No. 1 at PageID.3–4.

But Plaintiff has not perfected service of process on any of the three Defendants. Plaintiff first attempted to serve process via certified mail after the Notice of Removal was filed. *Compare* ECF No. 1 at PageID.7, *with* ECF No. 3-1 at PageID.60–65. "In determining the validity of service . . . . after an action is removed, federal law governs, and defects in service can be cured in accordance with federal rules of procedure." *Cowen v. Am. Med. Sys., Inc.*, 411 F. Supp. 2d 717, 720 (E.D. Mich. 2006) (citations omitted). Certified mail is not sufficient service of process on a corporation or an LLC under the Federal Rules of Civil Procedure or the Michigan Court Rules. *Nieves v. Kiekert AG*, No. 20-11467, 2020 WL 6335993, at *3 (E.D. Mich. Oct. 29, 2020) (first citing FED R. CIV. P. 4(h); and then citing Mich. Ct. R. 2.105); *see also Etherly v. Rehabitat Sys. of Mich.*, No. 13-11360, 2013 WL 3946079, at *1, 4–5 (E.D. Mich. July 31, 2013) ("Mailing must be accompanied by personal service of the agent. . . . Thus, as a matter of law, plaintiff insufficiently served [defendants] by sending process through certified mail." (quoting *Bullington v. Corbell*, 809 N.W.2d 657, 664 (Mich. Ct. App. 2011) (alteration in original))).

As explained above, 28 U.S.C. § 1441(b)(2) prohibits removal before service of process. *See* discussion *supra* Section II.A. The overwhelming majority of the district courts in the Sixth Circuit have found that so-called preservice, snap, swift, wrongful, or jack-rabbit removals are improper for a myriad of appealing reasons. Some courts have prohibited preservice removal based on principles of federalism, some based on canons of construction, and others based on Congress's intent. E. Farish Percy, *It's Time for Congress to Snap to It and Amend 28 U.S.C. S 1441(1)(b)(2)*

*to Prohibit Snap Removals That Circumvent the Forum Defendant Rule*, 73 RUTGERS U.L. REV. 579, 593–96 (2021) (outlining the variations).

The most convincing rationale is that "the plain meaning of [28 U.S.C. § 1441(b)] contemplates a situation where at least one defendant has been joined and served," which "necessarily restricts removal to cases where at least one defendant has been served." *Murphy v. Inman*, No. 17-13293, 2018 WL 8809349, at *12 (E.D. Mich. Feb. 21, 2018) (quoting *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1369 (N.D. Ga. 2011)); *accord* 28 U.S.C. § 1441(b)(2) (providing that cases that are "removable" based on only diversity jurisdiction may not be removed until "any of the parties in interest [was] properly joined and served as [a] defendant[]"); *see also* Thomas O. Main et al., *The Elastics of Snap Removal: An Empirical Case Study of Textualism*, 69 CLEV. ST. L. REV. 289, 346 (2021) ("Permitting or rejecting snap removal under the current statute requires judges to make a choice between a strong brand of textualism and a strong brand of purposivism. Both options are popular, but textualism is winning.").

Moreover, "snap removal" has received "strong criticisms from the academy." Zachary D. Clopton, *Catch and Kill Jurisdiction*, 121 MICH. L. REV. 171, 195–97 (2022) ("[S]nap removal . . . can be used by clever defendants to catch and kill state law claims."); *e.g.*, Matt Elgin, Comment, *Technology & Textualism: A Case Study on the Challenges a Rapidly Evolving World Poses to the Ascendant Theory*, 52 GOLDEN GATE U. L. REV. 97, 125 (2022) ("Any in-state defendant with an alert attorney can now side-step the forum defendant rule . . . before service is properly effectuated."); Jeffrey W. Stempel, Essay, *Adding Context and Constraint to Corpus Linguistics*, 86 BROOK. L. REV. 389, 416 (2021) ("[T]he practice is highly problematic, inconsistent with traditional notions of federalism and federal jurisdiction, and appears not to have been intended by Congress."); Lonny Hoffman & Erin Horan Mendez, *Wrongful Removals*, 71 FLA. L. REV. F. 220,

223–24 (2020) ("Congress never intended to allow defendants . . . to remove cases before the forum defendant is actually served."); Tempe D. Smith, Feature, *Snap Removal: What Is It and What Do You Do If It Happens to You*, 39 ALA. ASS'N JUST. J. 55, 56 (2019) ("[D]efendants are trying to exploit a perceived loophole in the Forum defendant rule based on the language of [28 U.S.C. § 1441(b)]."); *see also* Travis Temple, Note, *Absurd Overlap: Snap Removal and the Rule of Unanimity*, 63 WM. & MARY L. REV. 321, 340–43 (2021) (proposing a judicial solution); Jeffrey W. Stempel et al., *Snap Removal: Concept; Cause; Cacophony; and Cure*, 72 BAYLOR L. REV. 423, 493–506 (2020) (outlining various proposals to prevent snap removal); Valerie M. Nannery, *Closing the Snap Removal Loophole*, 86 U. CIN. L. REV. 541, 574–85 (2018) (proposing solutions for the judiciary, state and federal legislators, and the Judicial Conference of the United States); Arthur Hellman et. al., *Neutralizing the Stratagem of "Snap Removal": A Proposed Amendment to the Judicial Code*, 9 FED. CTS. L. REV. 103, 108–09 (2016) (proposing a legislative solution).

But Defendant addresses none of that. True, Defendant cites a Sixth Circuit case saying "[w]here there is complete diversity of citizenship, as [the plaintiff] concedes there was, the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001). And there is an active circuit split that does not include the Sixth Circuit. Adam B. Sopko, *Swift Removal*, 13 FED. CTS. L. REV. 1, 24–31 (2021). However, *McCall* is nonbinding dicta, and every district court in the Sixth Circuit presented with the issue has reasoned the same. *Murphy v. Inman*, No. 17-13293, 2018 WL 8809349, at *9 (E.D. Mich. Feb. 21, 2018) (collecting cases); *see also* discussion *supra* Section II.A. And, contrary to Defendant's assertion, the remaining cases that it cites lack precedential value. *See* ECF No. 9 at PageID.127–28.

For these reasons, the case will be remanded to the Alpena County Circuit Court.

### C.

The case will also be remanded under the "rule of unanimity." *See Idemudia v. J.P. Morgan Chase*, 434 F. App'x 495, 498 n.2 (6th Cir. 2011) (unpublished) (explaining that the rule of unanimity "requires all properly served or joined defendants to join in the removal or to file a written consent to the removal"); *accord Loftis v. UPS, Inc.*, 342 F.3d 509, 516–17 (6th Cir. 2003) (holding that district courts may remand a case under the rule of unanimity only if the plaintiff timely filed a motion to remand).

In order to satisfy the rule of unanimity in the Sixth Circuit, "all parties that have been served or otherwise properly joined may (1) join in the removal, (2) file a written consent to removal, or (3) oppose a motion to remand." *City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010) (first citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999); and then citing *Harper v. AutoAlliance Int'l*, 392 F.3d 195, 201–02 (6th Cir. 2004)).

As explained above, none of the defendants have been properly joined and served in this case. *See* discussion *supra* Section II.B. Obviously, "all defendants who have been properly joined and served [cannot] join in or consent to the removal of the action" if there are no such defendants. *See* 28 U.S.C. § 1446(b)(2)(A).

Because there are no properly joined and served defendants who have consented to the removal, the case will be remanded under the rule of unanimity. *Id.*

### D.

The case would also be remanded under the forum-defendant rule because (1) no defendant has been properly served, *see* discussion *supra* Sections II.B, II.C, and (2) there is an in-state defendant, ECF No. 1 at PageID.3–4 (pleading that Defendant Omega is a citizen of Michigan).

Insufficient service of process is not a proper ground for remand if the plaintiff did not attempt to serve process until after a notice of removal was filed. *Cowen v. Am. Med. Sys., Inc.*, 411 F. Supp. 2d 717, 720 (E.D. Mich. 2006) ("[I]f the original service was defective, service of new process under 28 U.S.C. § 1448 may be authorized." (quoting *Weinberg v. Colonial Williamsburg, Inc.*, 215 F. Supp. 633, 635 (E.D.N.Y. 1963))).

So this Court not only would have to permit Plaintiff to perfect service of process on the in-state defendant, but also would have to defer the Motion for Remand until after Plaintiff perfected or failed to perfect service of process on the in-state defendant. *E.g.*, *id.* at 722.

If Plaintiff perfects service of process on Defendant Omega—the in-state defendant—then the case would have to be remanded under the forum-defendant rule. 28 U.S.C. § 1441(b)(2) (prohibiting in-state defendants from removing cases to federal court); *accord Coburn v. Hixson Weight Loss Ctr. & Shot Spot, M.D., Inc.*, No. 1:21-CV-244, 2022 WL 164541, at *2 (E.D. Tenn. Jan. 18, 2022) ("There is no question that an in-state defendant may not remove an action *after* receiving proper service."); *id.* at *4 (E.D. Tenn. Jan. 18, 2022) ("[A]fter each forum defendant is served, each defendant becomes a 'properly joined and served' in-state defendant that cannot remove the action under § 1441(b)(2)."); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 81 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and *no defendant is a citizen of the forum State*." (emphasis added)); *NFC Acquisition, LLC v. Comerica Bank*, 640 F. Supp. 2d 964, 969 (N.D. Ohio 2009) ("Nothing in the text of § 1441(b), however, makes the forum defendant rule dependent on which defendant filed for removal."); *cf. Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 532–33 (6th Cir. 1999) ("[I]n cases with multiple defendants served

at different times, . . . . a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants.").

Because there is an in-state defendant that was not properly served before the removal, the case will be remanded.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Remand, ECF No. 3, is **GRANTED**.

Further, it is **ORDERED** that the above-captioned case is **REMANDED** to the Twenty-Sixth Circuit Court of Alpena County.

**This is a final order and closes the above-captioned case**.

Dated: January 24, 2023
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge